### In re J. W. ZEIGLER CO., Inc.

#### (District Court, D. Connecticut. July 19, 1911.)

#### No. 2,629.

1. **BANKRUPTCY (§ 20*)—JURISDICTION—STATE COURTS.**

    Where, after the appointment of a receiver in a state court, the debtor corporation was adjudged a bankrupt and a receiver appointed by the federal court in the bankruptcy proceedings, and ordered to take and hold the bankrupt's estate, the jurisdiction of the bankruptcy court was paramount, and it was the duty of the state receiver, on being informed of such order, to deliver possession of the property to the federal court receiver.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 20.*]

2. **BANKRUPTCY (§ 20*)—SALE OF PROPERTY—STATE COURT RECEIVER—CONTEMPT.**

    Where a receiver appointed for a bankrupt in a state court refused to deliver possession of property of the bankrupt to the federal court receiver on demand, but such refusal was on advice of counsel on the belief that the state court's jurisdiction having first attached was paramount, the state court receiver's refusal would not be punished as for a contempt.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 20.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Bankruptcy. In the matter of the bankruptcy proceedings of J. W. Zeigler Company, Inc. On motion to punish Nathan C. Herz as receiver of the bankrupt appointed in the state court for contempt. Denied.

Shapiro & Shapiro, for federal receiver.

De Forest & Klein, for state receiver.

PLATT, District Judge. The motion is for an attachment in contempt against Nathan C. Herz, as receiver of the J. W. Zeigler Company, Incorporated, under a state court appointment. It is not directed against him as an individual, and this distinction must be constantly kept in mind while seeking a correct answer to the motion. The order of this court was that its receiver "should take charge of and hold" the estate of the alleged bankrupt corporation. The federal receiver was appointed very shortly prior to a previously arranged and advertised sale of the bulk of the corporation's estate. He now reports that on May 24th (the day of the sale under the state court order) he personally informed Mr. Herz, as state receiver, of our order, and that said Herz, "with full knowledge and notice thereof, refused to obey said order and refused to deliver possession of the alleged bankrupt's estate, and later in the day sold a greater portion of said estate." The order under which our receiver acted might have been made more explicit, definite, and comprehensive, but, if Mr. Herz had no other excuse than the form of the order, his answer would be lame and impotent. He knew what the order meant, and deliberately prevented its execution under advice of counsel. When the federal receiver brought home to the state receiver full knowledge of our order, it was the plain duty of Mr. Herz to turn over at once to our receiver all property belonging to the alleged bankrupt which was in his possession, unless he was holding it under an honest adverse claim. The counsel who advised him assert, and seem to believe, that his position as state receiver was a stronger one than if he had merely been holding the same as an individual with honestly entertained adverse rights. They insist that he would have been in contempt of the state court, if he had surrendered the property without first obtaining the permission of the court so to do.

[1] As I understand the law, the jurisdiction of this court when our order was passed was exclusive, and its order was therefore paramount. The state court itself was bound to obey it, and obedience thereto by the receiver could in no sense have been treated by that court as a contempt of its own order. The argument of counsel upon this aspect of the case is not persuasive. In a general way, therefore, it is clear to me that under the law Mr. Herz, as state receiver, was hindering and obstructing an order of this court, which was at the moment the exclusive and dominating order which both he and the court under which he was acting were bound to obey.

There is, however, in the case a grave question of comity which may perhaps go deeper than a simple rule of etiquette. In ordinary cases the state and federal courts exercising jurisdiction over the same territory are as a matter of theory foreign to each other. This creates

a unique situation which has grown out of the peculiar internal organization of our country, and that we live together under it as happily as we do deserves to be ranked as one of the great wonders of the world. There is a suggestion in these two classes of courts of the family. There are bound to be differences of opinion, but it is expected that the strength of the family tie will serve to prevent the carrying of such differences to an unfortunate extreme. The two jurisdictions are distinct and each is clothed with full power, unless the Constitution of the United States steps in and points out some subject within which the federal power dominates and controls. Bankruptcy is one of the subjects upon which the absolute control of the federal power is provided for, and the Congress with such constitutional authority, has legislated thereon. Under that legislation the order which we are now discussing is supreme, and should be obeyed by every citizen. Back of all this is a recognized principle of law that where federal and state courts have concurrent jurisdiction in the same territory, and either court shall exert its authority and place its hand upon property within its jurisdiction, the other court, upon learning that fact, shall stay its hand and refrain from intruding.

[2] In the case before us the state court exerted its power lawfully when it appointed Mr. Herz receiver of the estate of the Zeigler Company, Incorporated. It was proceeding lawfully in an endeavor to convert that estate into money when the receiver of this court, lawfully appointed, appeared upon the scene. Up to that moment Mr. Herz, as state receiver, was clearly within his rights, putting into execution an order of his own court.

The argument of counsel is that, when our order was disclosed to Mr. Herz as state receiver, his sanction for retaining possession was stronger than if he had been holding it in his private capacity under an adverse claim which he honestly entertained. They insist that his obligation to his own court constrained him to hold on. He was advised by counsel to hold on. Immediate action was imperative. There was no time to ask his court what to do. His refusal to deliver was in no sense a personal disrespect of this court. All this is true and is entitled to weight in reaching a final conclusion. If he had gone to his own court for advice, and had been told to retain possession, a different situation would be presented. On the 24th of May the affair had not ripened to a point where an antagonistic position was asserted by the state court. At the critical moment Mr. Herz as receiver remained true to the Cæsar whom he knew best, and probably supposed to be all powerful.

I trust that I have made it plain that from my view of the law he was badly advised by counsel. And it may be that the state court would, if the pinch had come, have followed their advice, but, as the case stands, the state court was not called upon to cross the bridge, and it is immaterial at this juncture whether it would, if occasion had served, have crossed it or not. The counsel who gave the bad advice are not before me, and, even if they were, I should be constrained to let them go scot-free, because the Supreme Court, the fountain from which I am bound to drink my inspiration, has intimated that to punish

lawyers for giving bad advice would be an unfair attack upon that independence of judgment which they are entitled to maintain. The Supreme Court seems to think, and I accept their conclusion, that such action on the part of the courts would be a long step toward confusion and disorder. After calm, and I hope dispassionate, consideration, I am compelled to think that the curious kind of comity which the Supreme Court in the Case against Watts and Sachs, 190 U. S. 1, 23 Sup. Ct. 718, 47 L. Ed. 933, thinks can be so exercised as to avoid a stubborn contest between the courts had not in this case had a chance to do its perfect work, and I am not inclined to add a brand just now that might have more to do with a conflagration than mortal intelligence can foresee.

If the day shall ever come when it is clear to me that a state court, after reasonable assurances of good will and friendship on the part of the federal court, shall in a matter of bankruptcy undertake to exert and maintain its independent authority and control over property which under the Constitution and law belongs without doubt to the federal court, I shall deem it my duty under my oath of office to uphold with all the force within my control the supremacy of the federal power. In view of the particular facts now before me, I am constrained to say that I do not deem it my duty to punish Mr. Herz, as state receiver, acting as he did, under advice which he doubtless had faith in, but which to my mind was unusually wrong.

The motion for an attachment in contempt is for the reasons above imperfectly set forth denied.